UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00976-JPH-MKK |
| | ) |
| ROBERT R. ALTICE, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**I.
Granting *in forma pauperis* status**

Plaintiff Eric Smith's motion to proceed *in forma pauperis* is **GRANTED**. Dkt. [3]; *see* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Smith to proceed without prepaying the filing fee, he remains liable for the full fees. *Rosas v. Roman Catholic Archdiocese of Chi.*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' . . . but not without ever paying fees."). No payment is due at this time.

**II.
Screening the complaint**

**A. Screening standard**

The Court has the inherent authority to screen Mr. Smith's complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a

1

complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Mr. Smith brings this action against Indiana Court of Appeals Chief Judge Robert Altice pursuant to 42 U.S.C. § 1983. Dkt. 1 at 1–2. Mr. Smith alleges that Chief Judge Altice was bribed while presiding over Mr. Smith's 2001 arson trial and sentencing. *Id.* at 2. He also alleges that Mr. Smith's attorney and the fire investigator who testified against him were also bribed. *Id.* Mr. Smith sought to file a successive post-conviction relief petition based on newly discovered evidence, but the Indiana Court of Appeals denied that request. *Id.* at 3. Chief Judge Altice "signed the order denying relief." *Id.*

Mr. Smith brings a constitutional challenge to Indiana's Rule of Post-Conviction 1.12, which requires a petitioner to show a "reasonable possibility"

that he is entitled to post-conviction relief before he may file a second or successive petition. *Id.* He alleges that this "reasonable possibility" standard is "unconstitutionally vague and violates due process and equal protection rights." *Id.* Mr. Smith seeks injunctive and declaratory relief allowing him to file a successive post-conviction relief petition. *Id.* at 4.

### C. Discussion of claims

In a § 1983 action "brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This statutory language "limits the type of relief available to plaintiffs who sue judges to declaratory relief." *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003).

Here, Mr. Smith seeks injunctive relief against Chief Judge Altice because he denied Mr. Smith's request to file a successive post-conviction relief petition, an action relating to Chief Judge Altice's judicial capacity. Mr. Smith does not allege that a declaratory decree was violated. Dkt. 1. Mr. Smith does allege that "declaratory relief is unavailable in this instance," but he does not explain what prevents him from pursuing a declaration challenging the constitutionality of Indiana Rule of Post-Conviction 1.12. Therefore, Mr. Smith's claim against Chief Judge Altice cannot proceed.

### D. Conclusion

Mr. Smith's complaint must be dismissed for the reasons in this Order. He shall have **through August 1, 2025** to file an amended complaint. Because

3

an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The **clerk is directed** to send a form complaint with Mr. Smith's copy of the Order.

**SO ORDERED.**

Date: 7/2/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC D. SMITH
3718 W. 10th St.
Indianapolis, IN 46222