UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00976-JPH-MKK |
| | ) |
| ROBERT R. ALTICE, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING CASE AND DIRECTING ENTRY OF FINAL JUDGMENT**

The Court screened Plaintiff Eric Smith's original complaint and dismissed it because the injunctive relief he seeks against Indiana Court of Appeals Chief Judge Robert Altice is unavailable under 42 U.S.C. § 1983. Dkt. 7. Mr. Smith has now filed an amended complaint. Dkt. 8.

In Mr. Smith's amended complaint, like in his original complaint, he challenges the constitutionality of Indiana's Rule of Post-Conviction Relief 1(12) and seeks injunctive and declaratory relief allowing him to file a successive post-conviction relief petition. Dkt. 8. Mr. Smith's amended complaint, however, does not invoke federal jurisdiction because no Article III case or controversy exists between him and Chief Judge Altice. And even if his amended complaint does invoke federal jurisdiction, he still cannot obtain the relief he seeks under § 1983.

"Article III of the Constitution affords federal courts the power to resolve only 'actual controversies arising between adverse litigants.'" *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (quoting *Muskrat v. United States*,

1

219 U.S. 346, 361 (1911)).  "'[N]o case or controversy' exists 'between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute.'"  *Id.* at 40 (quoting *Pulliam v. Allen*, 466 U.S. 522, 538 n.18 (1984)).  That's because judges "exist to resolve controversies about a law's meaning or its conformance to the Federal and State Constitutions, not to wage battle as contestants in the parties' litigation."  *Id.*

Here, Mr. Smith seeks to litigate the constitutionality of an Indiana post-conviction rule against a state-court judge.  Dkt. 8.  No "case or controversy" exists between Mr. Smith and Chief Judge Altice in that context.  *See Whole Woman's Health*, 219 U.S. at 39.  So, Mr. Smith's amended complaint does not invoke federal jurisdiction.

But even if it did, § 1983 does not afford him the injunctive and declaratory relief he seeks.  As the screening order explained, in a § 1983 action "brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  This statutory language "limits the type of relief available to plaintiffs who sue judges to declaratory relief."  *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003).

Right away, this forecloses Mr. Smith's request for injunctive relief.  *See also* dkt. 7 (screening order).  Further, he is not entitled to declaratory relief because he "is not seeking declaratory relief in the true legal sense," as declaratory judgments "are meant to define the legal rights and obligations of

2

the parties in the anticipation of some future conduct." *Id.* Mr. Smith seeks a declaration that his rights were violated by the challenged post-conviction rule, dkt. 8 at 3, but declaratory judgments "are not meant simply to proclaim that one party is liable to another." *Johnson*, 72 F. App'x at 478. And Mr. Smith seeks a declaration that this post-conviction rule is unconstitutional, dkt. 8 at 3, but as established above, there is no case or controversy between him and Chief Judge Altice to support such a declaration.

Accordingly, because Mr. Smith's amended complaint does not invoke federal jurisdiction, this case is **dismissed without prejudice**. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 8/22/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ERIC D. SMITH
3718 W. 10th St.
Indianapolis, IN 46222